UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/10/2020
```

| | |
|---|---|
| Quincy Magee, | |
| | **Plaintiff,** |
| -against- | |
| The Walt Disney Company, et al., | |
| | **Defendants.** |

1:19-cv-10274 (AJN) (SDA)

<u>ORDER</u>

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is Defendants' motion to stay discovery.[1] (Defs.' Mot., ECF No. 28.) For the reasons set forth below, Defendants' motion is GRANTED.

Under Federal Rule of Civil Procedure 26(c), "[a] court has discretion to stay discovery during the pendency of a motion to dismiss upon a showing of good cause." *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Showtime on Piers LLC*, No. 19-CV-07755 (VEC), 2019 WL 6912282, at *1 (S.D.N.Y. Dec. 19, 2019) (citing Fed. R. Civ. P. 26(c)(1)). "In determining whether good cause exists, courts consider: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id*.

Applying these factors, the Court finds that a stay of discovery is appropriate in this case. First, the Court finds that Defendants have raised viable grounds for dismissing the Complaint, including that Plaintiff has released his claims against the Defendants. (*See* Defs.' Mem., ECF No.

---

[1] In deciding this motion, the Court has reviewed Plaintiff's response, dated May 14, 2020 (Pl.'s Response, ECF No. 31) and Defendants' reply. (Reply, ECF No. 41.)

44-1.) As Defendants "have presented substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit, a stay of discovery is appropriate." *Trustees of New York City Dist. Council of Carpenters Pension Fund*, 2019 WL 6912282, at *1 (citing cases).

Second, in letters, dated May 21, 2020, that were filed with the Court on May 27, 2020, Plaintiff has set forth information he seeks in discovery from five individuals, as well as third-party discovery he seeks from Sony, Universal, Google, Spotify and Apple. (Pl.'s Ltrs., ECF No. 36.) Thus, responding to discovery in this action is likely to be burdensome. Moreover, because "the disposition of the dismissal motions may significantly narrow, if not eliminate, the issues remaining in this case," the Court finds that "proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on" Defendants. *See Rivera v. Heyman*, No. 96-CV-04489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997); *see also Spinelli v. National Football League*, 13-CV-07398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable.").

Finally, the Court finds that staying discovery would not unfairly prejudice Plaintiff as Defendants' motion for judgment on the pleadings already has been filed and, thus, "any stay would last briefly." *Trustees of New York City Dist. Council of Carpenters Pension Fund*, 2019 WL 6912282, at *1.

Accordingly, Defendants' motion is GRANTED and discovery in this action is STAYED pending the Court's disposition of the pending motion for judgment on the pleadings.

**SO ORDERED.**

DATED:        New York, New York
              June 10, 2020

_____
STEWART D. AARON
United States Magistrate Judge