June 10, 2020

**The United States District Court for**
**the Southern District of New York**
**500 Pearl Street, New York, New York 10007**

Quincy Magee
141 N. Wilton St
Philadelphia, PA 19139

vs.

**Letter in Opposition to Judge Aaron's Order to Stay Discovery**
**19CV10274**

The Walt Disney Company
500 S Buena Vista St
Burbank CA 91521

Quincy Magee formally objects to the Order to Stay Discovery.

1. Judge Aaron did not provide Quincy Magee an opportunity to respond to the defendants June 5th Notice of Motion.
2. The defendant has not fulfilled the requirements for initial disclosure in accordance with Rule 26 of The Federal Rules of Civil Procedure.
3. Defendant has not complied with Judge Aaron's scheduling order. On May 21st 2020, Judge Aaron amended the April 28th 2020 scheduling order requiring the defendant to file any reply to Quincy Magee's letter in opposition to motion to stay discovery and to file its motion for judgement on the pleading no later than June 5th 2020. The defendant has not complied with the scheduling order and filed a "notice" of its intent to file a motion for judgement on the pleadings, "at a time established by the court." In the notice the defendant did not acknowledge that the court's requirement was established as part of the May 21st, 2020 scheduling order.
4. Quincy Magee's Letter in Support of Default Judgement from June 6th was not added to the docket in a timely manner, prior to the June 10 Order
5. Judge Arron did not consider or refute any of Quincy Magee's arguments in his Order to Stay Discovery.

*Plaintiff has not released his claims against the defendant.*
*Quincy Magee believes that the contract makes clear that the release in Paragraph 8(a.) is not intended to preclude civil proceeding.*

i. *Paragraph 17 states "New York County shall be the exclusive forum for resolutions of disputes between the parties arising out of this agreement or its performance" Paragraph 17 demonstrates the intent of the Walt Disney Company and the American Broadcasting Company in consenting to New York County as the location for the resolution of disputes which arise out of this agreement, and provides a 'forum' for dispute resolution, separate from the release in Paragraph 8(a.)*
ii. *Furthermore, the 'certification of the sums' term in paragraph 8(a) is considered to be for the same term as the term of the 'release... from claims' as they appear in the same clause, 'from the beginning of time to the effective date of the agreement.' Furthermore, a release would require the "consideration" and resolution of all claims which would arise during this term of the release,*

RECEIVED
JUN 18 2020
PRO SE OFFICE

*which requires discovery. This makes clear the discovery is required as a term of the agreement.*

iii. *Paragraph 8(a.) demonstrates that The Walt Disney Company agreed to enter into negotiations with Quincy Magee in regard to the use of his song "We Always Been Cool." Quincy Magee believes the intention to negotiate extends to include all of his works. Furthermore, Quincy Magee believes this stipulation categorically excludes his works from the "release from ...claims" in Paragraph 8(a.)*

6. Quincy Magee was not provided time to make further argument as he stated in his Letter in Reply to Motion to Stay Discovery. Per the April 28th Scheduling Order Quincy Magee initially had until June 11. 2020 to respond.

*In response to the motion to stay discovery*

a. *If required, Quincy Magee is prepared to argue further that any stay of discovery is not appropriate*

b. *The Walt Disney Company began a tacit motion to compel discovery in 2014 without the authority of the court using tactics such as unauthorized surveillance, a claim unrefuted in the motion for stay of discovery. Furthermore, Quincy Magee believes this type of one-sided discovery nullifies the release mentioned in Paragraph 8(a.), (b.).*

c. *The Walt Disney Company also used tactics such as breach of contract (deprivation), harassment, and retaliation to interfere with Quincy Magee's claims, tactics which also lead to financial hardship, and personal injury as described in the complaint and motion for sanctions.*

d. *Spoliation inference: The Walt Disney Company used tactics such as unauthorized surveillance as a form of discovery to control evidence of claims, which makes any stay of discovery inappropriate.*

   i. *The Walt Disney Company had motive to use its influence to take control of Quincy Magee's email account quincy.magee@gmail.com from 2015 to 2018 in an attempt to control evidence and discovery in this contract dispute, which prevented Quincy Magee from having access to his copy of the contract from 2015 until 2018.*

   ii. *The Google email account quincy.magee@gmail.com and the godaddy.com hosted email account quincy@renmedia.info mentioned herein also contained documents and evidence of his claims. It should be further noted that the godaddy.com email account quincy@renmedia.info was deleted by godaddy.com after approximately only 30 days of non-payment, as a result of deprivation and breach of contract, in 2015 shortly before the release of the motion picture, Star Wars: The Force Awakens was distributed, to which Quincy Magee claims rights.*

June 6, 2020

**The United States District Court for**
**the Southern District of New York**
**500 Pearl Street, New York, New York 10007**

Quincy Magee
141 N. Wilton St
Philadelphia, PA 19139

vs.

**Letter in Support of Plaintiff Request for Default Judgement**
**19CV10274**

The Walt Disney Company
500 S Buena Vista St
Burbank CA 91521

On May 21st 2020, Judge Aaron amended the April 28th 2020 scheduling order requiring the defendant to file any reply to Quincy Magee's letter in opposition to motion to stay discovery and to file its motion for judgement on the pleading no later than June 5th 2020. The defendant has not complied with the scheduling order and filed a "notice" of its intent to file a motion for judgement on the pleadings, "at a time established by the court." In the notice the defendant did not acknowledge that the court's requirement was established as part of the May 21st, 2020 scheduling order.

April 22, 2020

**The United States District Court for**
**the Southern District of New York**
**500 Pearl Street, New York, New York 10007**

Quincy Magee
141 N. Wilton St
Philadelphia, PA 19139

vs.

**Request for Default Judgement**
**19CV10274**

The Walt Disney Company
500 S Buena Vista St
Burbank CA 91521

Quincy Magee requests Default Judgement be made against The Walt Disney Company in favor of Quincy Magee claims because of the following:

1. Notice of Appearance of Counsel was not filed with the court in a timely manner in accordance with the scheduling order.
2. The terms of the scheduling order were not complied with by The Walt Disney Company, or registered counsel.
3. The Case Management Plan was not filed in a timely manner by the Walt Disney Company in accordance with the scheduling order.
4. Quincy Magee is concerned that any delay may be used to facilitate retaliation and harassment.

Quincy Magee requests a mandatory settlement conference to determine the full settlement amount and terms.

I Quincy Magee, declare under penalty of perjury that the following facts are true and correct

Quincy Magee
141 N. Wilton St. Philadelphia, 19139
(215) 796 - 9547

April 28, 2020

**The United States District Court for
the Southern District of New York
500 Pearl Street, New York, New York 10007**

Quincy Magee
141 N. Wilton St
Philadelphia, PA 19139

vs.

**Motion for Sanctions
19CV10274**

The Walt Disney Company
500 S Buena Vista St
Burbank CA 91521

The Walt Disney Company and or London Fischer are in violation of Rule 11(b) due to their failure to comply with the scheduling order dated March 9th, 2020.

Scheduling Order:

1. The Walt Disney Company and or London Fischer did not file the Answer within 21 Days of service of the complaint.
2. The Answer filed April 23rd, 2020 contains defenses which were already ruled on by Judge Nathan,
3. The Walt Disney Company and or London Fischer failed to file a notice of appearance in accordance with the scheduling order.
4. The Walt Disney Company and or London Fischer failed to file the Case Management Plan in accordance with the scheduling order.
5. The Walt Disney Company and or London Fischer did not make themselves available to discuss the Case Management Plan in good faith in accordance with the scheduling order prior to the deadline of April 21st, 2020.

Misconduct:

6. The Walt Disney Company and or London Fischer had motive to use its influence take control of Quincy Magee's email account quincy.magee@gmail.com from 2015 to 2018 in an attempt to control evidence and discovery in this contract dispute, which prevented Quincy Magee from having access to his copy of the contract from 2015 until 2018.
7. While under unauthorized surveillance by The Walt Disney Company, Quincy Magee was subjected to personal injury, and harassment.

I Quincy Magee, declare under penalty of perjury that the following facts are true and correct

Quincy Magee

141 N. Wilton St. Philadelphia, 19139

(215) 796 - 9547

May 13, 2020

**The United States District Court for**
**the Southern District of New York**
**500 Pearl Street, New York, New York 10007**

Quincy Magee
141 N. Wilton St
Philadelphia, PA 19139

vs.

**Letter**
**19CV10274**

The Walt Disney Company
500 S Buena Vista St
Burbank CA 91521

Federal Rules of Procedure

1. The defendant has not fulfilled the requirements for initial disclosure in accordance with Rule 26 of The Federal Rules of Civil Procedure.
   a. The Walt Disney Company is out of compliance with Rule 26 1. (a.) (iv.). The defendant did not provide any insurance agreement under which an insurance business may be liable to satisfy all or part of the possible judgement, within the required timeline of initial disclosure.
   b. The Walt Disney Company is out of compliance with Rule 26 1. (a.) (ii.) considering the defendants acknowledge to have engaged in the agreement, DOCKET ITEM 18, ANSWER, and have not provided the "category and location of all documents" it plans to use in its defense. The defendant is not complaint with the initial disclosure requirement, which precludes the requests to Stay Discovery.

Quincy Magee further reinforces his request for default judgement, and mandatory settlement conference.

I Quincy Magee, declare under penalty of perjury that the following facts are true and correct

Quincy Magee
141 N. Wilton St. Philadelphia, 19139
(215) 796 - 9547

4/28/2020 Gmail - Password reset requested for your Google Account

**Password reset requested for your Google Account**

no-reply@accounts.google.com <no-reply@accounts.google.com>
To: quincy.magee@gmail.com

Wed, Aug 5, 2015 at 4:40 PM

Google accounts

Dear Google Accounts User

We recently received a request to recover the Google Account [illegible].

If you sent that request, you don't need to take any action. We'll investigate your account and respond to you within a few days.

However, if you didn't make this request, please click on [illegible] to cancel it. The link will expire in 48 hours.

(If you've resolved your issue, that's great! In that case, please feel free to ignore this email.)

Thank you for your patience.

Sincerely,
The Google Accounts Team

https://mail.google.com/mail/u/2?ik=f9b751dbd4&view=pt&search=all&permthid=thread-f%3A1508698734689769235&simpl=msg-f%3A15086987346... 1/1

Gmail

**Case #[14801180] Quincy Magee_ Quincy.a.magee@gmail.com and Quincy.magee@gmail.com**

Google Cloud Support <noreply_cloud_support@google.com>
Reply-To: support@google.com
To: "quincy.andrew.magee@gmail.com" <quincy.andrew.magee@gmail.com>

Wed, Jan 24, 2018 at 3:12 PM

G Suite

[illegible]

[illegible]

[illegible]

Reply to this email with the following details

[illegible]

[illegible] Quick Fixes help center [illegible]

[illegible]

Quincy.a.magee@gmail.com Quincy.magee@gmail.com

April 28, 2020

---

**Philadelphia Police Department, Internal Affairs: IAD -W-IAD-5002**
18-19-022195
19-19-056596, Officer #3100
19-19-079-819
19-19-056596
20-19001766

**Postal Service Complaints:**
CA143623622
CA142347793
Missing Mail Search ID: 5139206, CA136863565
CA137350343 (Pepper Spray)

**Personal Injury Incidents**
Cedar Sinai - Head Laceration, (Golden Globes 2016)
NYC Notice of Claim, 2017P1012149
Empire Hotel - Assault 2017 - Police Report (2017-0200-04104), Head Trauma
A loft Hotel - Assault and Battery, 2016 – Lenox Hill Emergency Room
Starbucks Complaint, #3909085-18140074, #170921-00457, #170921-004577, #3909085-18140074, #25339026
Pret A Manger, INC0943779
Holiday Inn Express - Assault and Battery, 2017
Oscar Insurance, PA - Notice of Claim

May 14, 2020

**The United States District Court for**
**the Southern District of New York**
**500 Pearl Street, New York, New York 10007**

Quincy Magee
141 N. Wilton St
Philadelphia, PA 19139

vs.

**Letter in Reply**
**To Motion for Stay of Discovery**
**19CV10274**

The Walt Disney Company
500 S Buena Vista St
Burbank CA 91521

Below is Quincy Magee's response to the May 12, 2020 Motion to Stay Discovery.

In response to the argument that the "release and discharge" in Paragraph 8(a.) would require dismissal

1. Quincy Magee believes that the contract makes clear that the release in Paragraph 8(a.) is not intended to preclude civil proceeding.
   a. Paragraph 17 states "New York County shall be the exclusive forum for resolutions of disputes between the parties arising out of this agreement or its performance" Paragraph 17 demonstrates the intent of the Walt Disney Company and the American Broadcasting Company in consenting to New York County as the location for the resolution of disputes which arise out of this agreement, and provides a 'forum' for dispute resolution, separate from the release in Paragraph 8(a.)
   b. Furthermore, the 'certification of the sums' term in paragraph 8(a) is considered to be for the same term as the term of the 'release… from claims' as they appear in the same clause, 'from the beginning of time to the effective date of the agreement.' Furthermore, a release would require the "consideration" and resolution of all claims which would arise during this term of the release, which requires discovery. This makes clear the discovery is required as a term of the agreement.
   c. Paragraph 8(a.) demonstrates that The Walt Disney Company agreed to enter into negotiations with Quincy Magee in regard to the use of his song "We Always Been Cool." Quincy Magee believes the intention to negotiate extends to include all of his works. Furthermore, Quincy Magee believes this stipulation categorically excludes his works from the "release from …claims" in Paragraph 8(a.)

In response to the argument that the discovery request is "overly burdensome"

1. Quincy Magee believes that his discovery requests will be proportional to the term and scope of the contract.
   a. Paragraph 2 makes clear that the 'certification of sums' in the agreement is to include all monies "contractual or otherwise," which would require discovery to extend beyond the scope of Quincy Magee's employment as a Senior Financial Analyst, at ABC.
      i. It should be noted, Quincy Magee was hired as a Senior Financial Analyst and within a short period also assumed the duties of a Finance Manager and enrolled at New York University School of Professional Studies. Then in 2016, he enrolled at Harvard Business School, while working as a chief executive consultant, and business owner.
      ii. Quincy Magee contacted internal counsel at The Walt Disney Company and external counsel at Cravath Swaine and Moore to negotiate the terms and scope of the contract in 2016, when the scope of his work expanded beyond The American Broadcasting Company.

May 14, 2020

**The United States District Court for**
**the Southern District of New York**
**500 Pearl Street, New York, New York 10007**

Quincy Magee
141 N. Wilton St
Philadelphia, PA 19139

vs.

**Letter in Reply**
**To Motion for Stay of Discovery**
**19CV10274**

The Walt Disney Company
500 S Buena Vista St
Burbank CA 91521

Below is Quincy Magee's response to the May 12, 2020 Motion to Stay Discovery.

In response to the argument that the "release and discharge" in Paragraph 8(a.) would require dismissal

1. Quincy Magee believes that the contract makes clear that the release in Paragraph 8(a.) is not intended to preclude civil proceeding.
    a. Paragraph 17 states "New York County shall be the exclusive forum for resolutions of disputes between the parties arising out of this agreement or its performance" Paragraph 17 demonstrates the intent of the Walt Disney Company and the American Broadcasting Company in consenting to New York County as the location for the resolution of disputes which arise out of this agreement, and provides a 'forum' for dispute resolution, separate from the release in Paragraph 8(a.)
    b. Furthermore, the 'certification of the sums' term in paragraph 8(a) is considered to be for the same term as the term of the 'release... from claims' as they appear in the same clause, 'from the beginning of time to the effective date of the agreement.' Furthermore, a release would require the "consideration" and resolution of all claims which would arise during this term of the release, which requires discovery. This makes clear the discovery is required as a term of the agreement.
    c. Paragraph 8(a.) demonstrates that The Walt Disney Company agreed to enter into negotiations with Quincy Magee in regard to the use of his song "We Always Been Cool." Quincy Magee believes the intention to negotiate extends to include all of his works. Furthermore, Quincy Magee believes this stipulation categorically excludes his works from the "release from ...claims" in Paragraph 8(a.)

In response to the argument that the discovery request is "overly burdensome"

1. Quincy Magee believes that his discovery requests will be proportional to the term and scope of the contract.
    a. Paragraph 2 makes clear that the 'certification of sums' in the agreement is to include all monies "contractual or otherwise," which would require discovery to extend beyond the scope of Quincy Magee's employment as a Senior Financial Analyst, at ABC.
        i. It should be noted, Quincy Magee was hired as a Senior Financial Analyst and within a short period also assumed the duties of a Finance Manager and enrolled at New York University School of Professional Studies. Then in 2016, he enrolled at Harvard Business School, while working as a chief executive consultant, and business owner.
        ii. Quincy Magee contacted internal counsel at The Walt Disney Company and external counsel at Cravath Swaine and Moore to negotiate the terms and scope of the contract in 2016, when the scope of his work expanded beyond The American Broadcasting Company.

May 14, 2020

---

In response to the argument to stay discovery pending a motion to dismiss

1. As of May 12th 2020, the defendant has not filed a motion to dismiss. In the DOCKET ITEM 18, ANSWER, FIFTH DEFENSE and in the DOCKET ITEM 28, MOTION TO STAY DISCOVERY, the defendant makes reference to an argument for dismissal due to Case No. 19-cv-6992, an argument which Judge Nathan deemed 'not appropriate' in the March 6th, 2020 order.

In response to the motion to stay discovery

1. If required, Quincy Magee is prepared to argue further that any stay of discovery is not appropriate
   a. The Walt Disney Company began a tacit motion to compel discovery in 2014 without the authority of the court using tactics such as unauthorized surveillance, a claim unrefuted in the motion for stay of discovery. Furthermore, Quincy Magee believes this type of one-sided discovery nullifies the release mentioned in Paragraph 8(a.), (b.).
   b. The Walt Disney Company also used tactics such as breach of contract (deprivation), harassment, and retaliation to interfere with Quincy Magee's claims, tactics which also lead to financial hardship, and personal injury as described in the complaint and motion for sanctions.
   c. Spoliation inference: The Walt Disney Company used tactics such as unauthorized surveillance as a form of discovery to control evidence of claims, which makes any stay of discovery inappropriate.
      i. The Walt Disney Company had motive to use its influence to take control of Quincy Magee's email account quincy.magee@gmail.com from 2015 to 2018 in an attempt to control evidence and discovery in this contract dispute, which prevented Quincy Magee from having access to his copy of the contract from 2015 until 2018.
      ii. The Google email account quincy.magee@gmail.com and the godaddy.com hosted email account quincy@renmedia.info mentioned herein also contained documents and evidence of his claims. It should be further noted that the godaddy.com email account quincy@renmedia.info was deleted by godaddy.com after approximately only 30 days of non-payment, as a result of deprivation and breach of contract, in 2015 shortly before the release of the motion picture, Star Wars: The Force Awakens was distributed, to which Quincy Magee claims rights.

Quincy Magee reserves his right to change or amend this letter.

I Quincy Magee, declare under penalty of perjury that the following facts are true and correct

Quincy Magee

141 N. Wilton St. Philadelphia, 19139

(215) 796 - 9547