UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/13/2020

Quincy Magee,

                Plaintiff,

      –v–

The Walt Disney Company, *et al.*,

                Defendants.

19-cv-10274 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Pro se plaintiff Quincy Magee asserts a single claim for breach of a 2014 separation agreement with American Broadcasting Companies, Inc. *See* Complaint, Dkt. No. 2, at 1–4. He contends that because defendants ABC and The Walt Disney Company "failed to provide certification of sums, failed to provide compensation for time and expenses for cooperation, [and] failed to fullfill fiduciary duty," as allegedly called for under the agreement, he is entitled to "revenue and value . . . includ[ing] musical rights, copyrights, master recordings, motion picture rights, film and television rights, intellectual property, real estate and patents valued at more than 50 Billion USD." *Id.* at 4.

    The Court referred this case to the Honorable Stewart D. Aaron, U.S. Magistrate Judge, for a report and recommendation on pending motions. Dkt. No. 45. Judge Aaron recommended granting the defendants' motion for judgment on the pleadings and for an anti-filing injunction and denying the other pending motions. Report and Recommendation, Dkt. No. 56, at 13. Magee filed several responsive documents, which the Court construed as objections to the report and recommendation. *See* Dkt. Nos. 58–64, 71.

For the reasons that follow, the Court adopts the report and recommendation in full, dismisses Magee's complaint with limited leave to amend, and denies all other pending motions.

## I.     Procedural History

Magee filed his pro se complaint in this case in late 2019 and sought permission to proceed in forma pauperis.  Dkt. Nos. 1, 2.  The Court granted IFP status, and the U.S. Marshals Service served Magee's complaint on the defendants on February 19, 2020.  Dkt. Nos. 5, 10; *see* Dkt. No. 33, at 3.  After receiving service, the defendants requested an immediate conference concerning whether Magee's complaint should be dismissed and an anti-filing injunction entered against him.  Dkt. No. 12.  They requested an extension of time to answer until after the conference.  *Id.*  The Court denied the request for a conference, ruling that any request for dismissal or an anti-filing injunction should be made through ordinary motion practice, and denied as moot the request for an extension of time to answer.  Defendants filed their answer on April 22, 2020, which was later than allowed under Federal Rule of Civil Procedure 12.  *See* Dkt. No. 18.

Seven days after the defendants filed their answer, Magee filed a motion for sanctions and a request for default judgment.  *See* Dkt. Nos. 22–23.  The request for default judgment contended that default judgment was appropriate because the defendants had not timely entered an appearance and had not submitted a case management plan in accordance with the Court's scheduling order.  The motion for sanctions argued that Magee was entitled to sanctions under Federal Rule of Civil Procedure 11 for the same reasons, and additionally alleged that the defendants' answer included claims and defenses that the Court had already ruled on; that the defendants had failed to make themselves available to discuss the case management plan in good faith; and that defendants had attempted to take control of Magee's email account and subjected

him to unlawful surveillance. The defendants opposed the motion and filed a motion for judgment on the pleadings contending that Magee's complaint failed to state a claim on which relief could be granted. *See* Dkt. Nos. 33, 40. The defendants also sought an anti-filing injunction, pointing to nearly identical claims brought by Magee in several previous actions that had been dismissed. Dkt. No. 40-2, at 9–11; *see, e.g.*, *Magee v. The Walt Disney Company*, 19-cv-6992 (CM), Dkt. No. 10 (S.D.N.Y. Jan. 9, 2020); *Magee v. Walt Disney Company*, 18-7049 (D.C. Cir. Jan. 31, 2019) (per curiam) (denying reconsideration and directing the clerk to accept no further submissions from Magee), *cert. denied*, 140 S. Ct. 20.

The Court referred these motions to Judge Aaron for a report and recommendation. Dkt. No. 45. Before Judge Aaron issued his report and recommendation, Magee filed his own motion for judgment on the pleadings. Dkt. No. 54. The report and recommendation recommended dismissing Magee's complaint with leave to amend, entering an anti-filing injunction, and denying Magee's pending motions. Report and Recommendation at 13. Magee filed several responsive documents, which the Court construed as objections to the report and recommendation. *See* Dkt. Nos. 58–64, 71.

Since then, Magee has filed two more motions for default judgment and a motion for sanctions covering the same subject matter as his earlier motions. *See* Dkt Nos. 75, 80, 82. He also submitted several documents ex parte to the Court via email and filed a motion to file those documents under seal. Dkt. No. 72.

**II.   Discussion**

A court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain motions. 28 U.S.C. § 636(b)(1)(B). If a party timely objects to the

3

findings or recommendations of the magistrate judge, the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997) (quoting 18 U.S.C. § 636(b)(1)). Where a party does not object, or simply makes "conclusory or general objections," the district court will review for clear error. *Amadasu v. Ngai*, No. 05-cv-2585 (RRM) (LB), 2012 WL 3930386, at *3 (E.D.N.Y. Sept. 9, 2012). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339–40 (S.D.N.Y. 2009) (alternation omitted) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

### A. Motions for Default Judgment

The Court agrees with the report and recommendation that Magee is not entitled to a default judgment. Magee did not seek a certificate of default until one week after the defendants had filed their answer. *See* Dkt. Nos. 18, 23. Under Federal Rule of Civil Procedure 55 and Local Rule 55.1, a default may be entered only when a party "has failed to plead or otherwise defend" the action. That requirement was not met here. Although the pre-2007 version of Rule 55 left some doubt as to whether an improperly filed answer allowed entry of default, *see, e.g.*, *In re Suprema Specialties, Inc.*, 330 B.R. 40, 46 (S.D.N.Y. 2005), the 2007 amendments unambiguously rejected that interpretation. *See* 2007 Advisory Committee's Notes on Fed. R. Civ. P. 55, 28 U.S.C. App., p. 286 (2018).

Magee contends that he is nonetheless entitled to a default judgment because the defendants filed their answer late. Magee is mistaken. Litigation in federal court is not a "gotcha" game. There is a strong federal policy in favor of the adjudication of cases on the

merits. *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 62 (2d Cir. 1996). That policy is embodied in the provisions of the Federal Rules allowing for relief from default, which the Second Circuit has construed to require that all "doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). In the circumstances of this case, where the defendants missed a single filing deadline during the early weeks of the COVID-19 crisis, the Court would excuse any default.

Magee also argues that the defendants defaulted because they did not answer his "claims of personal injury, harassment and retaliation." Objections, Dkt. No. 63, at 1. Magee's complaint includes only a claim for breach of contract. *See* Complaint at 3. The only personal injury he alleges in his complaint is "the personal injury he experienced which resulted from [the defendants'] failure to comply with the terms of the agreement." *Id.* at 6. The defendants' answer, which denied that the defendants failed to comply with the terms of the agreement, was a sufficiently responsive pleading to preclude the entry of default. *See* Answer, Dkt. No. 18, at 2.

After Judge Aaron issued his report and recommendation, Magee filed two more motions for default judgment on September 10, 2020, and September 14, 2020. *See* Dkt. Nos. 80, 82. Those motions are entirely duplicative of Magee's earlier request for default judgment. The Court denies them, too.

  **B.**  **Motions for Sanctions**

The Court agrees with the report and recommendation that Rule 11 sanctions are inappropriate. The Court finds no violation of Rule 11(b) on the part of the defendants. Rule 11(b) forbids bad-faith conduct, misrepresentations to the court, or the knowing presentation of arguments that lack basis in fact or law. A late filing, without a showing of improper purpose, does not come close to the high bar for Rule 11 sanctions.

Magee also alleges that the defendants attempted to take over his email account and subjected him to unlawful surveillance. The only evidence Magee offers in support of these allegations is (1) a password reset request notification from Gmail; (2) a G Suite support ticket; and (3) what appears to be a list of complaints Magee has made to the Philadelphia Police Department's Internal Affairs Division, to the Postal Service, and to several private entities. *See* Dkt. No. 22. None of the documents mention the defendants. Magee has not demonstrated that they engaged in the improper conduct he alleges.

Magee's August 17, 2020, motion for sanctions simply restates the allegations in his April 28, 2020, motion for sanctions. The Court denies both.

### C. Motions for Judgment on the Pleadings

The Court agrees with the report and recommendation that the defendants' motion for judgment on the pleadings should be granted because Magee's complaint fails to state a claim on which relief may be granted.

Magee's complaint makes only a conclusory allegation that the defendants failed to provide him a "certification of sums" that are due to him and did not pay him for his "times and expenses" as outlined in the agreement. Complaint at 5. However, Magee does not identify any portion of the separation agreement that entitles him to any specific payments, nor does he describe the time and expenses he allegedly incurred for which he claims the contract requires he be compensated.

Magee further contends that he contributed to numerous Disney films, including Marvel and Star Wars films, "in various ways," and that he is therefore the "producer and or executive producer" of those films and entitled to compensation under the separation agreement. *Id.* at 5, 15. But Magee does not describe the specific contributions he allegedly made to those films or

the contractual basis for any obligation to pay him for those alleged contributions. To the contrary, the separation agreement includes a waiver of all claims against ABC and reserves Magee's rights in only a single song, "We Always Been Cool." The agreement requires ABC to reimburse Magee for time and expenses incurred after the effective date of the agreement, but only in relation to Magee's reasonable cooperation with administrative, judicial, or collective bargaining proceedings against the company. *Id.* at 12. The separation agreement simply does not contemplate any sort of continuing business or employment relationship between the parties. To the contrary, it purports to *end* any such relationship. In the face of the separation agreement's plain language, Magee's allegation that it entitles him to billions of dollars for unspecified contributions to Disney films does not state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court therefore dismisses Magee's complaint.

Mindful of the wide latitude that must be afforded pro se litigants, the Court grants Magee limited leave to file an amended complaint within sixty days of the date of this Order. *See Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Also mindful of the burden and expense that Magee's suits have imposed on the defendants, however, the Court warns that it is unlikely to grant Magee a third attempt if his amended complaint is again deficient.

   D.   The **Anti-Filing Injunction**

The Court agrees with the report and recommendation that an anti-filing injunction is appropriate. Considering the factors set out in *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986), the Court finds that Magee has a history of vexatious and duplicative lawsuits against ABC and Disney; that his litigation conduct has imposed needless expense on other parties and unnecessary burden on the courts; and that other sanctions would be inadequate. Not only has

Magee filed three separate suits presenting nearly identical claims, his litigation conduct in this case has been particularly burdensome. He has filed essentially the same motion for sanctions twice and the same motion for default judgment three times, continuing to file additional duplicative motions while his objections to the report and recommendation were pending.

The Court also doubts whether Magee's claims are made in good faith. He demands billions of dollars based on a separation agreement that appears to create no such entitlement. In sworn declarations accompanying his two most recent motions for default judgment, Magee stated that "Defendant(s), The Walt Disney Company and American Broadcasting Company has not answered or otherwise moved with respect to the complaint . . . ." Dkt. Nos. 80, 82. Magee is well aware that the defendants have filed an answer. *See, e.g.*, Objections at 1 ("Quincy Magee should be permitted to receive default judgement for claims which are not refuted in the ANSWER.").

The propriety of an anti-filing injunction is not a question of the precise number of times a litigant's duplicative claims have met dismissal. Instead, "the court must consider the record as a whole and the likelihood that the litigant will continue to abuse the judicial process." *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019). The Court finds based on Magee's litigation conduct in this district and in this case that an anti-filing injunction is warranted.

        E.        **Ex Parte Communications and Motion to File Documents Under Seal**

Following Judge Aaron's report and recommendation, Magee has submitted a number of documents to the Court's chambers email address ex parte (without including sending a copy of the communication to opposing counsel). On July 30, 2020, Magee filed a motion to file the documents under seal. Dkt. No. 72. The motion lists the documents that Magee has emailed to the Court, but does not describe their relevance to the case or the basis for filing them under seal.

Since then, Magee has continued to submit documents ex parte to the Court via email. Although Magee has not specified that he intended to file these additional documents under seal, the Court assumes that this was his intent and therefore has not filed the documents on the public docket.

The Court has not been able to ascertain the relevance of these documents to this case or the basis for filing them ex parte and under seal. Thus, the Court denies the motion to file them under seal. If Magee wishes the Court to consider them in connection with an amended complaint, he should file them on the public docket by mailing or emailing them to the Court's Pro Se Unit. Any further requests to file documents under seal should state the basis for so doing. Ex parte submissions are highly disfavored.

## Conclusion

It is therefore ORDERED that Judge Aaron's report and recommendation is adopted in full, and Magee's objections thereto are overruled. Magee's April 29, 2020, motion for sanctions (Dkt. No. 22) is DENIED. Magee's April 29, 2020, request for default judgment (Dkt. No. 23) is DENIED. The defendants' motion for judgment on the pleadings and for an anti-filing injunction (Dkt. No. 40) is GRANTED. Magee's motion for judgment on the pleadings (Dkt. No. 54) is DENIED as moot.

It is further ORDERED that Magee's complaint is dismissed with leave to amend. Any amended complaint shall be filed no later than sixty days after the date of this Order.

It is further ORDERED that Quincy Magee is permanently enjoined from filing any new cases in the U.S. District Court for the Southern District of New York presenting substantially the same claims as those asserted in this case without this Court's prior authorization.

It is further ORDERED that Magee's motion to file documents under seal (Dkt. No. 72) is DENIED.

It is further ORDERED that Magee's August 17, 2020, motion for sanctions (Dkt. No. 75) is DENIED.

It is further ORDERED that Magee's September 10, 2020, motion for default judgment (Dkt. No. 80) and September 14, 2020, motion for default judgment (Dkt. No. 82) are DENIED. Magee's motion for a default judgment hearing (Dkt. No. 85) is DENIED as moot. Magee shall not file any further motion for default judgment based on the defendants' untimely answer in this case.

It is further ORDERED that no document previously submitted to the Court ex parte via email will be accepted as an exhibit or considered by the Court unless properly filed on the public docket via ECF or by mailing or emailing to the Court's Pro Se Unit.

The Court further finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: October 13, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge