UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/22/21

Quincy Magee,

                Plaintiff,

    –v–

The Walt Disney Company, et al.,

                Defendants.

19-cv-10274 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Quincy Magee, acting pro se, filed this action against Defendants the Walt Disney Company and the American Broadcasting Company, alleging various breaches of the Separation Agreement between Mr. Magee and Defendants. Am. Compl. at 4–7, Dkt. No. 101. Mr. Magee alleges that Defendants, among other contractual violations, made use of his intellectual property, failed to compensate him for his creative works, and did not maintain a life insurance policy in his name. *Id.* at 7. He contends that the amount in controversy exceeds $50 billion. *Id.* at 4.

    Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court referred the matter to the Honorable Stewart D. Aaron, U.S. Magistrate Judge, for a report and recommendation. Dkt. No. 103. Judge Aaron recommended granting Defendants' motion. Report and Recommendation (R&R) at 10, Dkt. No. 112. For the reasons that follow, the Court adopts the reportion and recommendation in full and overrules Mr. Magee's objections.

    **I.**    **Procedural history**

    The Court has previously summarized this litigation's procedural history. Dkt. No. 86 at

1

2–3; *see also* Dkt. No. 56.  The present motion reached the Court after the Court on October 13, 2020, adopted Judge Aaron's report and recommendation dated June 30, 2020, and granted Defendants' motion for judgment on the pleadings.  Dkt. Nos. 56, 86.

With the Court's leave, Mr. Magee filed an amended complaint on December 23, 2020. Am. Compl., Dkt. No. 101.  Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on January 6, 2021.  Defs. Br., Dkt. No. 102.  The Court again referred Defendants' motion to Judge Aaron.  Dkt. No. 103.  Judge Aaron recommended that the Court grant Defendants' motion to dismiss with prejudice, foreclosing another opportunity for Mr. Magee to amend his complaint.  R&R at 9–10.  Mr. Magee filed timely objections to the report and recommendation.  Objections, Dkt. No. 113.

Mr. Magee has made several additional filings on the public docket since Judge Aaron issued his recommendation.  First, he requested leave to again amend his complaint by March 17, 2021.  Dkt. No. 114.  Second, he filed two letters identified as a motion for summary judgment. Dkt. Nos. 115, 117.  Third, Mr. Magee filed two letters, one a "notice of claims," Dkt. No. 116, and another a "motion for relief," Dkt. No. 123, that allege events unrelated to his complaint and involve entities and individuals not named in the complaint.  And fourth, Mr. Magee noticed an appeal of the Court's prior order granting judgment on the pleadings, Dkt. No. 119, which the Second Circuit dismissed for lack of jurisdiction, Dkt. No. 125.

## II.    Legal standard

A court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain motions, including motions to dismiss.  28 U.S.C. § 636(b)(1)(B). A party to the action may file objections to the proposed findings and recommendations.  *Id.*

§ 636(b)(1)(C). If a party has made a specific objection to a magistrate judge's recommendation, the court reviews them de novo. Fed. R. Civ. P. 72(b)(3). Where a party does not object, or simply makes "conclusory or general objections," the district court will review for clear error. *Amadasu v. Ngai*, No. 05-CV-2585 (RRM), 2012 WL 3930386, at *3 (E.D.N.Y. Sept. 9, 2012) (collecting cases). Under this standard, the Court will adopt portions of the report to which no objections were made unless they are "facially erroneous." *Bryant v. N.Y. State Dep't of Corr. Servs.*, 146 F. Supp. 2d 422, 424–25 (S.D.N.Y. 2001); *see also DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339–40 (S.D.N.Y. 2009) ("A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, [ ] left with the definite and firm conviction that a mistake has been committed.'" (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

### III.   Discussion

This Court has considered Judge Aaron's report and recommendation and Mr. Magee's objections, which are in most respects conclusory and do not identify with specificity any error that Judge Aaron committed. Under any standard of review, the Court finds no error in Judge Aaron's thorough and well-reasoned report and recommendation.

The report and recommendation properly concluded that Mr. Magee failed to allege that Defendants breached any provision of the contract. *See* Am. Compl. at 20–23. No provision of the contract obligates Defendants to compensate Mr. Magee for the use of his creative works that he alleges, nor do Defendants owe compensation for the type of "cooperation" contemplated by Paragraph 12. R&R 6–8.[1] The report also correctly concluded that Defendants did not breach

---

[1] The absence of Defendants' duty to compensate Mr. Magee also addresses his references to Defendants' duties as a "fiduciary." Objections at 3. In any event, Mr. Magee's reliance on 15 U.S.C. § 7245 for a cause of action is misplaced, as that statute only authorized the Securities and Exchange Commission to promulgate securities-fraud reporting requirements. *See Berman v. Neo@Ogilvy LLC*, 801 F.3d 145, 147 (2d Cir. 2015).

any obligation to provide life insurance past Mr. Magee's separation date.  R&R at 5.

Mr. Magee reiterates his objection that Defendants' alleged "unauthorized surveillance" and use of his creative works violated Paragraph 8.  Objections at 4.  But, as the report and recommendation found, these allegations, even taken as plausible and true, violate no provision of Paragraph 8, "which contains only the broad release language" that binds Mr. Magee.  R&R at 6 (citing Am. Compl. at 21).[2]

Mr. Magee does not specifically object to the report and recommendation's conclusion that his contract with Defendants is valid.  R&R at 7 n.5, 8–9.  Nor does Mr. Magee object to the conclusion that the release provision in Paragraph 8 bars Mr. Magee's discrimination and harassment claims, to the extent they were adequately pled in the amended complaint.  R&R at 8.  The Court does not find these conclusions to be clearly erroneous.  *See DiPilato*, 662 F. Supp. 2d at 339–40.  Indeed, the Court would reach the same conclusion under de novo review.

Last, as the Court previously warned it would, Dkt. No. 86 at 7, the Court adopts the report's recommendation that Mr. Magee's complaint be dismissed with prejudice, R&R at 9–10.  Mr. Magee has already been provided an opportunity to cure the deficiencies in his complaint.  The Court finds no likelihood that a third opportunity will prove successful.

## IV.    Conclusion

Finding no error in the report and recommendation, the Court hereby ORDERS that the report and recommendation is adopted in full, and Mr. Magee's objections are therefore overruled.

Mr. Magee's request to amend his complaint is DENIED.  Dkt. No. 114.  His motion for

---

[2] Mr. Magee objects that the report and recommendation did not address his motion for judgment on the pleadings.  Objections at 1–2 (citing Dkt. Nos. 54, 55).  But the Court previously denied that motion as moot.  Dkt. No. 86 at 9.

summary judgment is DENIED as moot.  Dkt. Nos. 115, 117.  Mr. Magee's motion for relief filed August 10, 2021, is DENIED.  Dkt. No. 123.

The Court further finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

This resolves docket numbers 102, 114, 115, 117, and 123.

The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: September 22, 2021
New York, New York

ALISON J. NATHAN
United States District Judge